# Exhibit A to Knopp Declaration

(Summons, Complaint, Civil Case Cover Sheet and Notice of Case Assignment and Mandatory Appearance)

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STARBUCKS CORPORATION d.b.a. TEAVANA, an unknown entity,
Additional Parties Attachment form is attached;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIE HERNANDEZ, individually and on behalf of all others
similarly situated,

VENTURA
SUPERIOR COURT
**FILED**

MAR 20 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy

**JILL KAMINSKI**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Ventura Superior Court | **CASE NUMBER:**<br>56-2017-00494208-CU-OE-VTA |
|---|---|

800 S Victoria Avenue
Ventura, California 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephanie E. Yasuda (SBN 265480), One Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017, (213) 612-0988

**Michael D Planet**

| DATE: **MAR 20 2017**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* **JILL KAMINSKI** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Starbucks Corporation dba Teavana, an unknown entity

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Business entity: Form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2005] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Hernandez v. Starbucks Corporation et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

TEAVANA CORPORATION, an unknown entity, and DOES 1 through 50, inclusive,

Page __2__ of __2__

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STARBUCKS CORPORATION d.b.a. TEAVANA, an unknown entity,
Additional Parties Attachment form is attached;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIE HERNANDEZ, individually and on behalf of all others
similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
VENTURA
SUPERIOR COURT
# FILED
MAR 20 2017
MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
**JILL KAMINSKI**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Ventura Superior Court | CASE NUMBER:<br>56-2017-00494208-CU-OE-VTA |
|---|---|

800 S Victoria Avenue
Ventura, California 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephanie E. Yasuda (SBN 265480), One Wilshire Blvd., Ste. 2200, Los Angeles, CA 90017, (213) 612-0988

**Michael D Planet**

| DATE:  MAR 20 2017 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* **JILL KAMINSKI** | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Teavana Corporation, an unknown entity

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Business Entity, Form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>Hernandez v. Starbucks Corporation et al. | CASE NUMBER |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

TEAVANA CORPORATION, an unknown entity, and DOES 1 through 50, inclusive,

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  KENNETH H. YOON (State Bar No. 198443)
   STEPHANIE E. YASUDA (State Bar No. 265480)
2  BRIAN G. LEE (State Bar No. 300990)
   **YOON LAW, APC**
3  One Wilshire Blvd., Suite 2200
   Los Angeles, California 90017
4  Telephone: (213) 612-0988
   Facsimile: (213) 947-1211
5
   DOUGLAS HAN (State Bar No. 232858)
6  SHUNT TATAVOS-GHARAJEH (State Bar No. 272164)
   DANIEL J. PARK (State Bar No. 274973)
7  **JUSTICE LAW CORPORATION**
   411 North Central Avenue, Suite 500
8  Glendale, California 91203
   Telephone: (818) 230-7502
9  Facsimile: (818) 230-7259

10 Attorneys for Plaintiff Marie Hernandez

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                    **FOR THE COUNTY OF VENTURA**

13 MARIE HERNANDEZ, individually and on    Case No.: 56-2017-00494208-CU-OE-VTA
   behalf of all others similarly situated,
14                                          **CLASS ACTION**
15            Plaintiff,
        v.                                  **CLASS ACTION COMPLAINT FOR
16                                          DAMAGES FOR:**
   STARBUCKS CORPORATION d.b.a.
17 TEAVANA, an unknown entity, TEAVANA      **(1)   VIOLATION OF LABOR CODE
   CORPORATION, an unknown entity, and            SECTION 226.7 AND 512;**
18 DOES 1 through 50, inclusive,
                                            **(2)   VIOLATION OF LABOR CODE
19            Defendants.                          SECTION 1194 AND 510;**

20                                          **(3)   VIOLATION OF LABOR CODE
                                                  SECTION 203;**
21
                                            **(4)   VIOLATION OF LABOR CODE
22                                                SECTION 226;**
23                                          **(5)   BUSINESS AND PROFESSIONS
                                                  CODE SECTION 17200 *et seq.***
24
                                            **DEMAND FOR JURY TRIAL**
25
26
27
28

                                    1
─────────────────────────────────────────────────────────────
                 CLASS ACTION COMPLAINT FOR DAMAGES

VENTURA
SUPERIOR COURT
FILED

MAR 20 2017

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy

   JILL KAMINSKI

Plaintiff Marie Hernandez ("Plaintiff") hereby submits her Complaint for Damages against Defendants Starbucks Corporation d.b.a. Teavana, Teavana Corporation, and DOES 1 through 50, inclusive (collectively, "Defendants"), on behalf of herself and the Class of other similarly situated current and former employees of Defendants for meal period and rest break wages, minimum and overtime wages, and penalties as follows:

## INTRODUCTION

1.      This class action is brought pursuant to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, Industrial Welfare Commission ("IWC") Wage Order 5-2001 (codified as California Code of Regulations Title 8 § 11050), and Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")).

2.      This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and Business and Professions Code against the identified class of employees.

3.      Plaintiff is informed and believes and thereon alleges Defendants joint and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to provide meal periods and rest breaks, (2) failing to pay all minimum and overtime wages, (3) failing to provide accurate wage statements, and (4) failing to pay all wages due and owing upon termination of employment.

## JURISDICTION AND VENUE

4.      This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

5.      This Court has jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.      This Court has jurisdiction over the violations of Labor Code §§ 203, 226, 226.7, 510, 512, 1194, IWC Wage Order 5-2001, and the UCL.

7.     This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or have offices in this county, and the acts and omissions alleged herein took place in this county.

**PARTIES**

9.     Plaintiff Marie Hernandez is an individual residing in the State of California. Plaintiff was employed by Defendants within the statutory time period.

10.     Plaintiff is informed and believes and thereon alleges that Defendant Starbucks Corporation d.b.a. Teavana is an unknown entity licensed to do business and actually doing business in the State of California, including the County of Ventura.

11.     Plaintiff is informed and believes and thereon alleges that Defendant Teavana Corporation is an unknown entity licensed to do business and actually doing business in the State of California, including the County of Ventura.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives,

3

1 | servants, employees, successors, co-conspirators and assigns, and that all acts or omissions
2 | alleged herein were duly committed with ratification, knowledge, permission, encouragement,
3 | authorization and consent of each Defendant designated herein.

4 | **14.**    As such, and based upon all the facts and circumstances incident to Defendants'
5 | business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 512,
6 | 1194, IWC Wage Order 5-2001, and the UCL.

7 | **CLASS ACTION ALLEGATIONS**

8 | **15.**    **Definition:**  Plaintiff seeks class certification pursuant to California Code of
9 | Civil Procedure § 382 of a Class of all Defendants' non-exempt manager employees who
10 | worked in California during the period from March 20, 2013, to the present, including the
11 | following Subclasses:

12 | a.    **Meal Period Subclass:** all Defendants' non-exempt manager employees
13 | who worked one or more shifts in excess of six (6) hours in California
14 | during the period from March 20, 2013, to the present;

15 | **As an alternative to Subclass (a):** all Defendants' non-exempt manager
16 | employees who worked one or more shifts in excess of six (6) hours in
17 | California without receiving a 30-minute meal period during which they
18 | were relieved of all duties, during the period from March 20, 2013,to the
19 | present;

20 | b.    **Rest Break Subclass:** all Defendants' non-exempt manager employees
21 | who worked one or more shifts of three and one-half (3.5) hours or more
22 | in California during the period from March 20, 2013, to the present;

23 | **As an alternative to Subclass (b):** all Defendants' non-exempt manager
24 | employees who worked one or more shifts of three and one-half (3.5)
25 | hours or more in without receiving a paid 10-minute break during which
26 | they were relieved of all duties, during the period from March 20, 2013,
27 | to the present;

28 | c.    **Minimum Wage Subclass:** all Defendants' non-exempt manager

4

CLASS ACTION COMPLAINT FOR DAMAGES

employees who worked in California and were not properly paid all minimum wages during the period from March 20, 2013, to the present;

d.    **Overtime Subclass:** all Defendants' non-exempt manager employees who worked one or more shifts in excess of eight (8) hours in a day or forty (40) hours in a workweek in California and were not properly paid all overtime wages during the period from March 20, 2013, to the present;

e.    **Terminated Employee Subclass:** all Defendants' non-exempt manager employees who worked in California during the period from March 20, 2014, to the present, and who were not properly paid all wages on termination or within 72 hours thereof; and

f.    **Wage Statement Subclass:** all Defendants' non-exempt manager employees who worked in California and received a wage statement during the period from March 20, 2014, to the present.

16.    **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

17.    **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

18.    Defendants uniformly administered a corporate policy, practice and/or procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, and (4) failing to provide accurate wage statements. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed members of the Class.

5

19.   **Common Question of Law and Fact:**   There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies and practices regularly denied Class Members meal and rest break wages, minimum and overtime wages, accurate wage statements, and all wages due and owing upon termination of employment.

20.   **Typicality:**   The claims of Plaintiff are typical of the claims of all members of the Class.  Plaintiff is a member of the Class and has suffered the alleged violations of Labor Code §§ 203, 226, 226.7, 1194, IWC Wage Order 5-2001, and the UCL.  Plaintiff worked at least one shift in excess of six hours during which she was not provided all duty-free, legally mandated meal periods.  Plaintiff worked at least one shift of 3.5 hours or greater during which she was not authorized and permitted all duty-free, legally mandated rest breaks.  Plaintiff worked at least one shift in excess of eight hours and one workweek in excess of 40 hours during which she was not paid all minimum and overtime wages.  Plaintiff received wage statements during her employment.   Plaintiff's employment was terminated during the statutory period.

21.   The Labor Code upon which Plaintiff bases her claims is broadly remedial in nature.   These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.   These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

22.   The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful

claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

23. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

24. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of meal period and rest break wages, and minimum and overtime wages, including interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

25. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each Class Member to recovery on the causes of action alleged herein.

26. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. This action is brought for the benefit of the entirety of the Class and will result in the creation of a common fund.

CLASS ACTION COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226.7 AND 512

### REGARDING MEAL PERIOD AND REST BREAK WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

27.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.    In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and a 30-minute meal period for every five (5) hours worked.

29.    As a pattern and practice, Defendants regularly failed to provide Plaintiff and the Class and Subclasses their duty-free meal periods and rest breaks and did not provide proper compensation for this failure.

30.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon.

31.    Defendants' willful failure to provide Plaintiff and the Class and Subclasses the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

CLASS ACTION COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1194 AND 510

### REGARDING MINIMUM AND OVERTIME WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF

### THE CLASS AND ALL SUBCLASSES)

32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.    At all times relevant herein, Defendants were required to compensate their non-exempt manager employees minimum wages for all hours worked, and overtime wages for all hours worked in excess of eight (8) hours per day and forty (4) hours per week.

34.    As a pattern and practice, Defendants failed to compensate Plaintiff and the Class and Subclasses for all hours worked, including, but not limited to, time spent working through meal periods.  This resulted in Plaintiff and the Class and Subclasses receiving total wages in an amount less than minimum wage and, where applicable, overtime wages.

35.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

36.    Defendants' willful failure to provide Plaintiff and the Class and Subclasses the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

CLASS ACTION COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 203

### REGARDING WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

**37.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

**38.** At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

**39.** As a result of Defendants' Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**40.** The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and the Class and Subclasses and (e)'s rights, and done by managerial employees of Defendants.

**41.** Defendants'  willful  failure  to  provide  Plaintiff  and the Class and Subclasses the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226

### REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), and (f))

**42.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as

10

though fully set forth herein.

43.    In violation of Labor Code § 226, Defendants failed in their affirmative obligation to keep *accurate* records regarding the rates of pay for their California employees. For example, as a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records of Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (f)'s gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

44.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (a), (b), (c),(d), and (f) identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FIFTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF

### THE CLASS AND ALL SUBCLASSES)

45.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set for herein.

46.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) all meal period wages and rest break wages, (2) all minimum and overtime wages, (3) all wages due and owing upon termination of employment, and (4) accurate wage statements.

47.    Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

48.    Plaintiff seeks, on her own behalf, and on behalf of other members of the Class and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the

1  Defendants by means of the unfair practices complained of herein.

2  **49.**  The acts complained of herein occurred within the last four years preceding the
3  filing of the complaint in this action.

4  **50.**  Plaintiff is informed and believes and based thereon alleges that at all times
5  herein mentioned Defendants have engaged in unlawful, deceptive and unfair business
6  practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including
7  those set forth above, thereby depriving Plaintiff and the Class and Subclasses the minimum
8  working condition standards and conditions due to them under the California laws and IWC
9  Wage Orders as specifically described therein.

10  **PRAYER FOR RELIEF**

11  WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose
12  behalf this suit is brought against Defendants, jointly and severally, as follows:

13  1.  For an order certifying the proposed Class;

14  2.  For an order appointing Plaintiff as the representative of the Class and
15  Subclasses as described herein;

16  3.  For an order appointing counsel for Plaintiff as class counsel;

17  4.  Upon the First Cause of Action, for all meal period and rest break wages owed,
18  and for waiting time wages according to proof pursuant to California Labor
19  Code §203 and for costs;

20  5.  Upon the Second Cause of Action, for all minimum and overtime wages owed,
21  and for waiting time wages according to proof pursuant to California Labor
22  Code §203, and for costs and attorneys' fees;

23  6.  Upon for the Third Cause of Action, for waiting time wages according to proof
24  pursuant to California Labor Code § 203 and for costs;

25  7.  Upon the Fourth Cause of Action, for damages or penalties pursuant to statute
26  as set forth in California Labor Code § 226, and for costs and attorneys' fees;

27  8.  Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly
28  affected members of the general public of all funds unlawfully acquired by

12

1    Defendants by means of any acts or practices declared by this Court to be in

2    violation of Business and Professions Code § 17200 *et seq.*; and

3    9.    On all Causes of Action, for attorneys' fees, interest, and costs as provided by

4    California Labor Code §§ 218.6, 226, 1194, and Code of Civil Procedure §

5    1021.5, and for such other further relief the Court may deem just and proper.

6

7    Dated: March 17, 2017                  YOON LAW, APC

8

9                                          By: _____

10                                              Stephanie E. Yasuda
                                                Attorneys for Plaintiff Marie Hernandez

11

12                         **DEMAND FOR JURY TRIAL**

13    Plaintiff, for herself and the Class and Subclasses, and on behalf of other

14    aggrieved employees, hereby demands a jury trial as provided by California law.

15

16    Dated: March 17, 2017                  YOON LAW, APC

17

18                                          By: _____

19                                              Stephanie E. Yasuda
                                                Attorneys for Plaintiff Marie Hernandez

20

21

22

23

24

25

26

27

28

                                           13
                          CLASS ACTION COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Stephanie E. Yasuda (SBN 265480)<br>Yoon Law, APC<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90017<br>TELEPHONE NO: (213) 612-0988    FAX NO:<br>ATTORNEY FOR *(Name)*: Plaintiff Marie Hernandez | VENTURA<br>SUPERIOR COURT<br>FILED<br><br>MAR 20 2017<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: _____ , Deputy<br>JILL KAMINSKI |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Ventura**
STREET ADDRESS: 800 S Victoria Ave
MAILING ADDRESS: 800 S Victoria Ave
CITY AND ZIP CODE: Ventura, California 9,006
BRANCH NAME: Hall of Justice - Civil

CASE NAME:
Hernandez v. Starbucks Corporation et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>56-2017-00494208-CU-OE-VTA |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
**4.** Number of causes of action *(specify)*: Five
**5.** This case [✓] is [ ] is not    a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 17, 2017
Stephanie E. Yasuda
        (TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2017-00494208-CU-OE-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.

**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Henry Walsh | Ventura | 42 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|
| **EVENT DATE** | **EVENT TIME** | **EVENT DEPT/ROOM** |
| 08/18/2017 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 03/21/2017

Clerk of the Court,
By: _____
Jill Kaminski, Clerk

VEN-FNR082