# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 17-3150-JFW (SKx)** | Date: June 5, 2017 |

Title: Marie Hernandez -v- Starbucks Corporation, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS):    ORDER DENYING WITHOUT PREJUDICE PLAINTIFF MARIE HERNANDEZ'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447 [filed 5/12/2017; Docket No. 17];

ORDER DENYING AS MOOT DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND [filed 6/2/2017; Docket No. 27]

     On May 12, 2017, Plaintiff Marie Hernandez ("Plaintiff") filed a Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion to Remand"). On May 22, 2017, Defendants Starbucks Corporation and Teavana Corporation ("Defendants") filed their Opposition. On May 26, 2017, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 12, 2017 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Local Rule 7-3. Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion." *Id.* "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *Id.* In addition, the Court's Standing Order further provides:

Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. . . . All 7-3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference and the participants in the conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.

Standing Order [Docket No. 9] at ¶ 5(b).

The Court concludes that the parties failed to conduct an adequate Local Rule 7-3 Conference. According to the Joint Statement Regarding the Parties' Local Rule 7-3 Conference [Docket No. 12], the parties' conference lasted a mere twenty minutes. Counsel clearly did not discuss the issues with sufficient detail such that briefing would be directed to those substantive issues requiring resolution by the Court. Indeed, Plaintiff submitted new evidence along with her Reply which required Defendants to file an Ex Parte Application for Leave to File Surreply in Opposition to Plaintiff's Motion to Remand. The issues raised in these briefs should have been raised and discussed during the Local Rule 7-3 Conference. If the parties had done so, the supplemental briefing now requested would be unnecessary. This Court maintains a firm policy of reducing unnecessary motion practice and requires strict compliance with Local Rule 7-3 and ¶ 5(b) of the Court's Standing Order. Accordingly, Plaintiff's Motion to Remand is hereby **DENIED without prejudice** for failure to comply with Local Rule 7-3 and ¶ 5(b) of the Court's Standing Order.

Before Plaintiff files a renewed Motion to Remand, the parties shall meet and confer *in person* on or before **June 12, 2017**. In the unlikely event the parties cannot resolve the issues raised in the Motion to Remand, within three days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved. If a Motion to Remand remains necessary, it shall not be filed until two days after each party files the declaration required by this Order.

In light of the Court's Order denying Plaintiff's Motion to Remand without prejudice, Defendants' Ex Parte Application for Leave to File Surreply in Opposition to Plaintiff's Motion to Remand is **DENIED as moot.**

IT IS SO ORDERED.